IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| ALFONSO MELITON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 05-2184 Ml/P |
| WEPFER MARINE, INC., | ) |
| | ) |
|     Defendant. | ) |
| | ) |

_____

**ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT**
_____

    Before the Court is Plaintiff Alfonso Meliton's Motion for Partial Summary Judgment as to the Appropriate Standard for Statute of Limitations Under the Act, filed November 4, 2005. Defendant Wepfer Marine, Inc. responded in opposition on December 7, 2005. Plaintiff filed a reply memorandum on December 26, 2005. Also before the Court is Plaintiff's Motion for Partial Summary Judgment as to Whether or Not He Can be Characterized as a "Seaman" under the Act, filed on November 23, 2005. Defendant responded in opposition on December 27, 2005. For the reasons set forth below, both of Plaintiff's motions for partial summary judgment are DENIED.

**I. Background**

    Plaintiff filed the instant action on March 9, 2005, to recover unpaid overtime compensation from his former employer, Wepfer Marine, Inc. ("Defendant"). Plaintiff was employed by

Defendant from February 1, 2000, through October 11, 2004. Plaintiff alleges that he worked for Defendant as a "general maintenance man on the wharf" but that Defendant improperly classified him as a "seaman" so as to avoid paying overtime as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. According to Plaintiff, his hourly pay in February 2000 was $9.50 per hour and was raised on several occasions. From June 26, 2002, through the end of his employment, Plaintiff received $20.00 per hour, including any hours worked over forty hours per week. Plaintiff alleges that during his employment with Defendant he did not receive overtime pay, and he was informed by Defendant that he did not qualify for overtime payment. Plaintiff contends that Defendant's violation of the overtime requirements of the FLSA is a "continuous violation" and that Plaintiff should be allowed to recover his unpaid overtime for the entire period of his employment.

    Defendant contends that it was not required to pay overtime compensation to Plaintiff under the FLSA because Plaintiff worked as a "seaman," and the Act's overtime requirements do not apply to "any employee employed as a seaman." 29 U.S.C. § 213(b)(6). Defendant also maintains that despite the fact that it was not required to pay Plaintiff any overtime, Plaintiff did receive overtime compensation "from time-to-time." Finally, Defendant argues that Plaintiff cannot recover damages for any alleged

-2-

violation occurring outside the limitations period.

**II. Standard**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When confronted with a properly-supported motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Abeita v. TransAmerica Mailings, Inc., 159 F.3d 246, 250 (6th Cir. 1998). A genuine issue of material fact

exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

**III. Analysis**

Plaintiff moves for partial summary judgment on two issues: (1) whether Defendant's alleged violation of the FLSA was "continuous" such that Plaintiff may recover damages for the entire period that he was not paid overtime; and (2) whether Plaintiff was employed as a "seaman" under the FLSA. The Court will address Plaintiff's motions in turn.

**A. Continuing Violation**

The statute limitations for a cause of action for unpaid overtime compensation under the FLSA is two years, except if the violation is "willful," in which case the statute of limitations is three years. 29 U.S.C. § 255(a). Plaintiff contends that he is entitled to recover unpaid overtime compensation for the entire period of Defendant's alleged violation—from February 1, 2000, through October 11, 2004—because "the nature of Wepfer's violation was a continuous one." (Pl.'s Mem. Supp. Mot. Partial Summ. J., Nov. 4, 2005, at 3.)

Plaintiff's argument is not supported by the law in the Sixth Circuit.  Under the FLSA, a plaintiff may not recover compensation improperly withheld prior to the limitations period. <u>Gandy v. Sullivan County, Tenn.</u>, 24 F.3d 861, 865 (6th Cir. 1994).  "Even if an employer continuously fails to pay overtime wages during the course of employment, each paycheck constitutes a separate violation, and claims based on any paycheck that falls outside the statutory period are barred."  <u>Claeys v. Gandalf Ltd.</u>, 303 F. Supp. 2d 890, 894 (S.D. Ohio 2004); <u>see also</u> <u>Hasken v. City of Louisville</u>, 234 F. Supp. 2d 688, 691 (W.D. Ky. 2002)(rejecting plaintiffs' argument that city's violations of FLSA were "continuing" and explaining that "each violation of the FLSA gives rise to a new cause of action [and] each failure to pay overtime begins a new statute of limitations period as to that particular event").

As the Eleventh Circuit has explained:

> The term "continuing violation" suggests that the original violation, namely the decision to classify overtime-eligible employees as exempt, is somehow the source of the employees' present ability to recover.  It is not.  Assuming they are not exempt employees, the source of their recovery is the failure to pay them overtime, not the City's rationale for not paying them overtime. . . .  The term "continuing violation" also implies that there is but one incessant violation and that the plaintiffs should be able to recover for the entire duration of the violation, without regard to the fact that it began outside the statute of limitations window.  That is not the case.  <u>Instead of one on-going violation, this case involves a series of repeated violations of an</u>

-5-

>      identical nature. Because each violation gives
>      rise to a new cause of action, each failure to pay
>      overtime begins a new statute of limitations
>      period as to that particular event.

Knight v. Columbus, 19 F.3d 579, 582 (11th Cir. 1994)(emphasis added).

As the foregoing authority makes clear, a new cause of action accrued with each paycheck that Plaintiff received that did not include overtime compensation properly due to Plaintiff under the FLSA. Therefore, the limitations period——two years (three years if the violation was willful)——began to run "for each violation of the FLSA on the regular payday following the week during which the overtime was worked." Hasken, 234 F. Supp. 2d at 691. Since Plaintiff filed his complaint on March 9, 2005, claims that accrued prior to March 10, 2003 (or March 10, 2002, if a willful violation is proved) are time-barred. Accordingly, Plaintiff's motion for partial summary judgment as to whether he may recover damages for any period outside the statutory limitations period is DENIED.

    **B.   Employment as a Seaman**

Plaintiff also moves for summary judgment on the issue of whether he was "employed as a seaman" under the meaning of the FLSA. Plaintiff contends that he was employed as a general maintenance worker, not a seaman, and therefore he was not an overtime-exempt employee and should have been paid for the time that he worked beyond forty hours per week. Defendant, on the

other hand, contends that a genuine issue of material fact exists as to whether Plaintiff was employed as a overtime-exempt seaman for purposes of the Act.

The FLSA requires that "no employer shall employ any of his employees who in any workweek . . . is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The FLSA's overtime requirement does not apply to "any employee employed as a seaman[.]" 29 U.S.C. § 213(b)(6). Because the Act does not define "seaman," courts rely upon the definitions set forth in the Department of Labor's FLSA implementing regulations. See, e.g., McLaughlin v. Boston Harbor Cruise Lines, Inc., 419 F.3d 47, 50 (1st Cir. 2005); Worthington v. Icicle Seafoods, Inc., 796 F.2d 337, 338 (9th Cir. 1986).

The regulations explain that whether or not an employee is "employed as a seaman" depends "upon the character of the work he actually performs and not on what it is called or the place where it is performed." 29 C.F.R. § 783.33. The test set forth in the regulations provides that "an employee will ordinarily be regarded as 'employed as a seaman' if he performs, as master or subject to the authority, direction, and control of the master

-7-

aboard a vessel, service which is rendered primarily as an aid in the operation of such vessel as a means of transportation, provided he performs no substantial amount of work of a different character." Id. § 783.31.  An employee whose services satisfy this test will be regarded as "employed as a seaman" "even though during the workweek [an employee] performs some work of a nature other than that which characterizes the service of a seaman, if such nonseaman's work is not substantial in amount." Id. § 783.27.  "For enforcement purposes, . . . such differing work is 'substantial' if it occupies more than 20 percent of the time worked by the employee during the workweek." Id.; see also Worthington, 796 F.2d at 338.

Services that aid the operation of a vessel as a means of transportation include "keeping it afloat and clean, scraping the barnacles off its hull, keeping the engines in repair, preventing fires, etc."  Harkins v. Riverboat Svcs., Inc., 385 F.3d 1099, 1104 (7th Cir. 2004).  A seaman is a "member of the marine crew, that is, the crew that is responsible for operating the ship . . . even when it is docked." Id. (affirming jury's verdict that employees on gambling riverboat were seamen for purposes of FLSA); Weaver v. Pittsburgh Steamship Co., 153 F.2d 597, 599, 602 (6th Cir. 1946)(plaintiff "employed as a seaman" who generally worked, ate and slept aboard ship and whose boiler-room duties included "starting fires in boilers, . . . repairing grates,

pipes and gaskets, scraping rust, painting, cleaning 'sooging,' and turbining tubes"). On the other hand, "[w]orkers who are primarily concerned with loading and unloading cargo are not, generally speaking, seamen within the meaning of the FLSA." <u>Owens v. Seariver Maritime, Inc.</u>, 272 F.3d 698, 704 (5th Cir. 2001)(citing 29 C.F.R. § 783.36); <u>see also</u> <u>Dole v. Petroleum Treaters, Inc.</u>, 876 F.2d 518, 521 (5th Cir. 1989)(holding that oil well service employees were not seamen under FLSA because although they had some seamen duties, over half of their time was spent servicing and maintaining oil wells, which is nonseaman work).

Plaintiff contends that although his job title was that of a "deckhand," he did not perform many of the official duties of a deckhand; rather, he was a "general maintenance man" who worked primarily on the wharf. Therefore, Plaintiff argues, he was not "employed as a seaman" for purposes of the FLSA. In Plaintiff's affidavit, he describes his primary duties as "painting and cleaning boats while they were in dock, cleaning barges in dock, loading trucks, dredging water out of boats while they were in dock, welding and cleaning the office barge." (Meliton Aff. ¶ 3.) The office barge, Plaintiff states, "was permanently tethered to the dock and did not operate in open water." (<u>Id.</u> ¶ 4.) At his deposition, Plaintiff testified about his other duties, including checking "the pumps on the wharf to make sure

that nothing would sink," checking for leaks in the barges, and covering the leaks with shingles. (Meliton Dep. 19-20.) Plaintiff also testified that he prepared various kinds of lines for the boats that were used to pull barges together, pumped oil from the motors to a tank on the wharf, and cleaned and painted the engine room when the boats were not in use. (Id. at 20, 22, 45.)

According to Plaintiff, the majority of his work was done on the wharf or on the boats when they were docked;[1] he only went out on the open water "[w]hen somebody was missing." (Id. at 19.) He would apparently substitute for missing deckhands and unload cargo "for one or two hours, and then they would bring me back." (Id.) In his affidavit, Plaintiff states that:

> 95% of my work was done on boats in the dock and the office. Occasionally, I would work on a boat in open water when another employee did not show up to work. It would vary from once every couple of weeks to once every couple of months. A very small percentage of my work life at Wepfer Marine was spent on open water.

(Meliton Aff. ¶ 5.)

As set forth above, the test for "seaman" status is whether an employee performs work that "is rendered primarily" as an aid "in the operation of [a] vessel as a means of transportation," and any nonseaman work the employee performs "is not substantial

---

[1] In support of this contention, Plaintiff points to his time cards, all of which say "wharf." (Mem. Supp. Pl.'s Mot. Partial Summ. J., Nov. 23, 2005, Ex. 2.)

in amount." 29 C.F.R. §§ 783.31, 783.37. In this case, the parties agree in general on the particular tasks that Plaintiff performed, but they dispute whether the tasks are properly characterized as seaman's work and what percentage of time that Plaintiff spent on seamen's work versus nonseamen's work. Defendant argues that over 80 percent of Plaintiff's work was rendered in aid of the operation of Defendant's boats and barges. Plaintiff emphasizes that 95 percent of his work was performed in the office or on docked boats, not on the "open water," and that his work differed from that of a seaman because he only performed general maintenance tasks.

   The regulations and caselaw make clear that whether an employee is employed as a seaman "depends on the character of the work he actually performs and not on what it is called or the place where it is performed." 29 C.F.R. § 783.33. In light of the parties' dispute over the nature of Plaintiff's work and the percentage of time devoted to particular duties, the Court cannot grant summary judgment in Plaintiff's favor on whether Plaintiff was a seaman as defined by the FLSA. Determination of whether an employee was employed as a seaman "is quite fact-intensive." McLaughlin, 419 F.3d at 51. At this stage in the litigation, the Court does not have sufficient undisputed facts to make this determination. Accordingly, Plaintiff's motion for partial summary judgment as to whether he is employed as a seaman under

the FLSA is DENIED.

**IV. Conclusion**

For the reasons set forth above, both of Plaintiff's motions for partial summary judgment are DENIED.

So ORDERED this 19th day of June, 2006.


 /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE